UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOAN C. KUEHN,<br><br>        Plaintiff,<br><br>    v.<br><br>KRISTINA REED, P.A. and JAMES J. MORAN, P.A. collectively d/b/a "REED GRIFFITH & MORAN," JAMES J. MORAN (Individually) AND KRISTINA REED (Individually), Jointly and Severally,<br><br>        Defendants. | ECF CASE<br><br>No.: _____<br><br><u>COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

<u>NATURE OF THE ACTION</u>

1. Plaintiff Joan C. Kuehn ("Kuehn") worked as a paralegal for Defendants Kristina Reed P.A. ("Reed PA"), James J. Moran, P.A. ("Moran PA"), Moran PA and Reed PA collectively d/b/a "Reed, Griffith & Moran" ("RGM"), James J. Moran, Esq. ("Moran") and Kristina Reed, Esq. ("Reed").

2. Plaintiff Kuehn alleges Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), by failing to pay her overtime premium pay.

<u>JURISDICTION AND VENUE</u>

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and jurisdiction over Plaintiff Kuehn's FLSA claims under 29 U.S.C. § 216(b).

4. Venue is proper in this district under 28 U.S.C. §§1391(b)(1) and (2).

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff Kuehn was, at all relevant times, an adult individual residing in Boynton Beach, Florida.

7. Defendant Moran was, at all relevant times, an adult individual residing in Wellington, Florida.

8. Defendant Reed was, at all relevant times, an adult individual residing in Boynton Beach, Florida.

9. Reed PA is an entity solely owned by Reed, which is located at 630 E. Ocean Avenue, Boynton Beach, Florida 33435.

10. Moran PA is an entity solely owned by Moran, which is located at 630 E. Ocean Avenue, Boynton Beach, Florida 33435.

11. RGM is the fictitious name in the state of Florida for the law firm owned by Reed PA and Moran PA.

12. RGM is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. It is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, computers and office supplies.

13. Defendants Moran and Reed, upon information and belief, own, operate and control Defendant RGM's day-to-day operations and management and jointly employed Plaintiff Kuehn.

14. Defendant Reed, upon information and belief, owns, operates and controls Defendant Reed PA's day-to-day operations and management and employed Plaintiff Kuehn.

15. Defendant Moran, upon information and belief, owns, operates and controls Defendant Moran PA's day-to-day operations and management and employed Plaintiff Kuehn.

16. Each Defendant, either directly or indirectly, has hired Plaintiff Kuehn and other employees, controlled Plaintiff Kuehn's work schedule and employment conditions, determined her payment rate and method, and kept at least some records regarding her employment.

## STATEMENT OF FACTS

17. RGM is a law firm that focuses on real estate, estate planning, title insurance, wills, probate and trusts, which is located at 630 E. Ocean Avenue, Boynton Beach, Florida 33435.

18. Defendants Moran and Reed, as RGM partners, Reed as the owner of Reed PA, and Moran as the owner of Moran PA regularly interacted with Plaintiff Kuehn, telling her what to do, what hours to work, having the authority to hire and fire her, change her pay and pay schedule, and they kept records regarding her hours worked and compensation.

19. Reed PA and Moran PA are one integrated enterprise that do business as RGM.

### Duties Performed and Hours Worked[1]

20. Defendants employed Plaintiff Kuehn as a paralegal from January 30, 2012 to October 17, 2018.

21. As a paralegal, Plaintiff Kuehn's primary duties did not involve exercising discretion or independent judgment on any significant matters.

---

[1] Headers are included only for organizational purposes.

22. Plaintiff Kuehn, rather, performed her primary duties under Defendants' strict supervision, doing precisely what she was told and following established procedures and guidelines.

23. If Plaintiff Kuehn ever had a question on how to proceed, she did not make that decision; she consulted with one of the attorneys on how to proceed.

24. Plaintiff Kuehn worked 51.5 hours Monday to Friday under the following regular schedule: she started work at 7:30 a.m.; 3 out of 5 days she worked until 5:00 p.m.; and 2 out of 5 days she worked until 7:00 p.m.

25. Once a month, in addition to working these 51.5 hours, she would work on Saturday from 8:00 a.m. to 3:00 p.m., totaling 58.5 hours for those weeks.

26. Plaintiff Kuehn worked particularly long hours from June 2018 to October 2018: from 7:30 a.m. to 7:00 p.m., Monday to Thursday and from 7:30 a.m. to 5:00 p.m. on Friday, totaling 55.5 hours.

27. From June 2018 to October 2018, two weeks per month, she worked on Saturday from 8:00 a.m. to 3:00 p.m., totaling 62.5 hours for those weeks.

28. Defendants were aware of her working these hours, as they saw her working at the office during these times, received emails from her, and assigned her work they knew would require this length of time.

29. Plaintiff Kuehn rarely had an uninterrupted 30 minute meal break.

30. Plaintiff Kuehn regularly worked while eating her lunch.

Compensation

31. Defendants paid Plaintiff Kuehn a fixed annual salary regardless of the hours she worked per week: $60,115 in 2016; $60,140 in 2017; and $60,140 in 2018.

32. When Defendants told her she would be paid a salary, they gave her a fixed work schedule: 8:00 a.m. to 4:00 p.m. Monday to Thursday, 8:00 a.m. to 3:00 p.m. on Friday, and that she would receive a 30 minute uninterrupted lunch break each day, bringing her working hours to 36.5.

33. Defendants did not pay Plaintiff Kuehn overtime premium pay for any hour she worked over 40 in a week.

FIRST CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY UNDER THE FLSA

34. Plaintiff Kuehn realleges every preceding allegation as if set forth fully herein.

35. Plaintiff Kuehn consents in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

36. Defendants are "employers" within the FLSA's meaning.

37. Defendants employed Plaintiff Kuehn within the FLSA's meaning.

38. Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. Defendants Moran and Reed are personally liable for the statutory violations. *Lamonica v. Safe Hurricane Shutters*, 711 F.3d 1299 (11th Cir. 2013).

40. Defendants misclassified Plaintiff Kuehn as an exempt employee.

41. Plaintiff Kuehn's paralegal position with Defendants is non-exempt for overtime purposes under the FLSA.

42. Defendants were required to pay Plaintiff Kuehn no less than 1.5 times the regular rate at which she was employed for all hours worked in excess of 40 hours in a workweek under

the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

43. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff Kuehn the proper overtime compensation for her hours worked in excess of 40 per workweek.

44. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Kuehn's compensation.

46. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

47. On March 20, 2019, Defendants executed a tolling agreement, which is Exhibit A to this Complaint. Under this agreement, Plaintiff and Defendants agreed to toll the statute of limitations on Plaintiff's FLSA claims from March 20 to six days after Defendants advise in writing that they are terminating the agreement. On April 30, Defendants advised in writing that they are terminating the agreement, making its termination effective May 5, 2019.

48. Due to Defendants' FLSA violations, Plaintiff Kuehn is entitled to recover from Defendants her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kuehn respectfully requests this Court grant the following relief:

-7-

a. A declaratory judgment that the practices complained of herein violate the FLSA;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award for unpaid overtime premium pay under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful FLSA violations;

a. Equitably tolling the statute of limitations under the FLSA;

b. An award of pre-judgment and post-judgment interest;

c. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

d. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kuehn demands a trial by jury on all questions of fact the Complaint raises.

Dated: Boca Raton, Florida
May 4, 2019

ADLER WELLIKOFF PLLC

s/ Scott M. Wellikoff
Aaron S. Adler
1300 N. Federal Hwy, Ste. 107
Boca Raton, FL 33432
Tel: 561.508.9591
Fax: 561.508.8365
swellikoff@adwellgroup.com
aadler@adwellgroup.com

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky (*Pro Hac Vice* Pending)
Christopher H. Lowe
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
Tel: 212.392.4772
Fax: 212.444.1030
doug@lipskylowe.com
chris@lipskylowe.com

# EXHIBIT A

## TOLLING AGREEMENT

1. This Tolling Agreement (this "Agreement") is entered into by and between Joan C. Kuehn ("Kuehn") and Kristina Reed, P.A., James J. Moran, P.A., James J. Moran, Esq. and Kristina Reed, Esq. (collectively "RGM").

2. RGM hereby agrees to toll Kuehn's Fair Labor Standard Act claims against RGM from the date RGM signs this Agreement until RGM terminates this Agreement, as provided below in Paragraph 3. Signatures transmitted by fax or email will be treated as original signatures.

3. To terminate this Agreement, RGM, directly or through counsel, must provide Kuehn's counsel five days of advance written notice (via email is sufficient with a copy via overnight mail) that it is terminating this Agreement. This Agreement will accordingly be terminated on the sixth day after the termination notice is delivered.

Dated: 3/21/19      _____
                    Joan. C. Kuehn

                    Kristina Reed, P.A.
Dated: 3·20·19      _____
                    Kristina Reed

                    James J. Moran, P.A.
Dated: 3·20·19      _____
                    James J. Moran

Dated: 3·20·19      _____
                    Kristina Reed (Individually)

Dated: 3·20·19      _____
                    James J. Moran (Individually)