UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-80607-ROSENBERG/REINHART

JOAN C. KUEHN,

    Plaintiff,

v.

KRISTINA REED, P.A., *doing business as* REED GRIFFITH AND MORAN, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' Motion for Summary Judgment [DE 60]. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 64], Defendants' Reply [DE 68], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Defendants' Motion for Summary Judgment is denied.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendants are Reed Griffith and Moran, a law firm, and Attorneys James J. Moran and Kristina Reed, partners at the law firm. Plaintiff Joan C. Kuehn worked for Defendants from January 2012 until October 2018 and performed work associated with real estate closings. Her job duties included requesting and collecting information and documents, preparing documents, examining chains of title, producing title commitments, attending closings, and wiring funds. It is undisputed that Kuehn examined chains of title and produced title commitments only until mid-2016, after which time a third party performed those duties. DE 65 at 7 ¶¶ 61, 62; DE 69 at 7 ¶¶ 61, 62.

Kuehn's Complaint raises one count of failure to pay overtime pay in violation of the Fair Labor Standards Act, *as amended*, 29 U.S.C. § 201 *et seq.* ("FLSA"). DE 1. Kuehn seeks overtime pay in the amount of $82,555.97 for hours that she allegedly worked between 2016 and 2018, as well as liquidated damages, fees, and costs. DE 21. Defendants maintain that Kuehn is exempt from the FLSA's overtime pay provision and that she received all monies due to her. DE 23; DE 26.

In their Motion for Summary Judgment, Defendants contend that the undisputed material facts establish that Kuehn is exempt from the FLSA's overtime pay provision because she was employed in a bona fide administrative capacity. Defendants alternatively contend that Kuehn has not established that the overtime pay provision applies to her.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). When deciding a summary judgment motion, a court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016). The court does not weigh conflicting evidence or make credibility determinations. *Id.* Upon the discovery of a genuine dispute of material fact, the court must deny summary judgment and proceed to trial. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012).

If the movant shows that there is no genuine dispute as to a material fact, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial. *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018). The non-moving party does not satisfy this burden "if the rebuttal evidence is merely colorable, or is not significantly probative of a disputed fact." *Jones*, 683 F.3d at 1292 (quotation marks omitted). The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (quotation marks omitted). A non-conclusory affidavit based on personal knowledge, even if uncorroborated and self-serving, can create a genuine dispute of material fact that defeats summary judgment. *United States v. Stein*, 881 F.3d 853, 857-59 (11th Cir. 2018).

### III. ANALYSIS

#### A. The Administrative Employee Exemption

The FLSA's minimum wage and overtime provisions do not apply to an employee employed in a bona fide administrative capacity. 29 U.S.C. § 213(a)(1); *see generally id.* §§ 206, 207. The phrase "employee employed in a bona fide administrative capacity" means an employee (1) compensated at a particular minimum salary, (2) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (3) "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). Kuehn does not dispute that she met the first two elements of this administrative employee exemption, and, thus, the Court turns to consideration of the exemption's third element. *See* DE 64 at 12 n.64.

3

The exercise of discretion and independent judgment generally involves "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a). Determination of whether a duty includes the exercise of discretion and independent judgment is based on all of the facts of a particular employment situation. *Id.* § 541.202(b). Factors to consider when making such a determination include, but are not limited to,

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

*Id.*

"The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources." *Id.* § 541.202(e). The exercise of discretion and independent judgment "does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work." *Id.*

"The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision." *Id.* § 541.202(c). "However, employees can exercise discretion and independent judgment even if

4

their decisions or recommendations are reviewed at a higher level." *Id.* (explaining that discretion and independent judgment does not require the employee's decisions to have finality or a complete absence of review).

The phrase "matters of significance" refers to "the level of importance or consequence of the work performed." *Id.* § 541.202(a). The phrase "primary duty" means "the principal, main, major or most important duty that the employee performs." *Id.* § 541.700(a). Determination of an employee's primary duty is based on all of the facts of the particular case, and the amount of time spent performing particular work is "a useful guide" but "not the sole test." *Id.* § 541.700(a), (b) (providing a nonexclusive list of factors to consider when determining an employee's primary duty).

An employer has the burden to show that an exemption to the FLSA applies, and FLSA exemptions are narrowly construed against employers. *Abel v. S. Shuttle Servs., Inc.*, 631 F.3d 1210, 1212 (11th Cir. 2011). The employer must prove the applicability of the FLSA exemption "by clear and affirmative evidence." *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001) (quotation marks omitted). An exemption should be "applied only to those clearly and unmistakably within the terms and spirit of the exemption." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1269 (11th Cir. 2008) (quotation marks omitted).

In their Motion for Summary Judgment, Defendants point to four categories of job duties to support their argument that Kuehn's primary duty included the exercise of discretion and independent judgment with respect to matters of significance. *See* DE 60 at 7-8. First, Defendants assert that Kuehn's examinations of chains of title required her to use "her experience and knowledge to analyze the relevant information and determine who held title, how title was held

5

and whether the seller had marketable title." *Id.* at 7. Second, Defendants assert that Kuehn would then "produce the title insurance commitment from scratch by using the relevant information from the chain of title, which included the requirements that needed to be fulfilled to vest marketable title and the exceptions to coverage." *Id.* As to these first two categories, the Court need not determine whether the undisputed facts establish that examining chains of title and producing title commitments included the exercise of discretion and independent judgment because, as stated above, it is undisputed that Kuehn performed these duties only until mid-2016. *See* DE 65 at 7 ¶¶ 61, 62; DE 69 at 7 ¶¶ 61, 62. Thus, she performed these duties for only a portion of the time for which she seeks overtime pay. *See* DE 21-1. Defendants have not sought partial summary judgment for that portion of time.

Third, Defendants assert that Kuehn "had the ability to bind the company as to matters of financial significance" because she "had authority to wire funds from the firm's trust account, including net proceeds and to pay off mortgages involving hundreds of thousands of dollars, and was the person responsible for executing wire transfers for most closings." DE 60 at 7-8. Whether the employee had "authority to commit the employer in matters that have significant financial impact" is one of several factors that may be considered in determining whether a primary duty included the exercise of discretion and independent judgment. *See* 29 C.F.R. § 541.202(b) (providing a nonexclusive list of ten factors). However, Defendants do not explain how wiring funds included the exercise of discretion and independent judgment. Kuehn has pointed to record evidence reflecting that the amount of funds to be wired for a closing was determined by parties other than Kuehn and that, before funds were wired, the predetermined amount was verified by Kuehn and other employees. *See* DE 61-1 at 68; DE 61-2 at 73; DE 61-3 at 59-60; DE 65-12 at 7.

6

This evidence indicates that wiring funds did not involve a comparison and evaluation of possible courses of conduct. *See* 29 C.F.R. § 541.202(a) ("In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."); *see also id.* § 541.202(b) (providing a nonexclusive list of factors to consider when determining whether a duty includes the exercise of discretion and independent judgment).

Fourth, Defendants assert that Kuehn "attended the closings, conducted closings when necessary, signed or initialed closing documents and documents to confirm that loan instructions were being followed on behalf of the firm, exchanged loan documents, and communicated directly with various third parties including the firm's clients and banks." DE 60 at 8. Defendants do not make clear how Kuehn's duties when she "conducted" closings may have differed from her duties when she merely "attended" closings. In any event, it is undisputed that it was "rare" for Kuehn to attend a closing without either Moran or Reed present. DE 65 at 9 ¶ 93; DE 69 at 10 ¶ 93; *see also* DE 61-1 at 67. To the extent that "conduct[ing] closings when necessary" required the exercise of discretion and independent judgment, the evidence indicates that conducting closings was not one of Kuehn's primary duties. *See* 29 C.F.R. § 541.700(a) (defining the phrase "primary duty" as "the principal, main, major or most important duty that the employee performs").

As to attending closings, signing or initialing documents, and exchanging documents, Defendants do not explain how these duties included the exercise of discretion and independent judgment. Kuehn has pointed to record evidence reflecting that her duty during closings was to sign or initial documents to confirm that they were properly completed and contained the correct information and that "the loan instructions were being followed." *See* DE 61-2 at 81-82; DE 65-12

7

at 7. Defendants also do not explain how "communicat[ing] directly with various third parties" included the exercise of discretion and independent judgment. Kuehn has pointed to record evidence reflecting that her communications with third parties involved requesting and providing information and documents that were standard to real estate closings. *See* DE 61-2 at 79-81, 92; DE 65-12 at 3, 5-7. This evidence indicates that these duties did not involve a comparison and evaluation of possible courses of conduct. *See* 29 C.F.R. § 541.202(a), (b).

Defendants, in their Reply, more generally argue that the exercise of discretion and independent judgment was required for Kuehn to determine which closing documents were needed for any particular closing and to create documents using the relevant language and information. *See* DE 68 at 3. Kuehn has pointed to record evidence reflecting that which documents she compiled and created for a particular closing were, for the most part, standard for all closings and that she created documents using pre-established templates that had blanks to impute specific information in the appropriate locations. *See* DE 61-1 at 49-50, 70-72; DE 61-2 at 68, 78; DE 61-3 at 39-45, 56; DE 65-12 at 2-3, 5-8. Record evidence further reflects that, if a particular closing involved something abnormal or unique to that closing, Kuehn would discuss with Moran or Reed how to handle the matter. *See* DE 61-1 at 71; DE 61-2 at 69-70; DE 65-12 at 5. This evidence creates a genuine issue of material fact as to whether these duties included the exercise of discretion and independent judgment. *See* 29 C.F.R. § 541.202(a)-(c), (e) (explaining that the exercise of discretion and independent judgment generally involves "the comparison and the evaluation of possible courses of conduct" and "an independent choice" and "must be more than the use of skill in applying well-established techniques, procedures or specific standards" and the performance of "mechanical, repetitive, recurrent or routine work").

Finally, Defendants argue that Kuehn's designation as an independent contractor at her current job, together with her deposition testimony that she "did exactly the same work" for Defendants as she does at her current job, supports a conclusion that her primary duty while working for Defendants included the exercise of discretion and independent judgment. DE 60 at 9-10; *see* DE 61-2 at 170. This argument is unavailing. The inquiry into whether an individual qualifies as an independent contractor is not identical to the inquiry into whether an individual's primary duty includes the exercise of discretion and independent judgment. *Compare Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311-12 (11th Cir. 2013) (providing factors by which to evaluate whether an individual is an employee or an independent contractor), *with* 29 C.F.R. § 541.202 (providing guidance to determining when an employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance). Moreover, Defendants acknowledge that their argument is based on the presumption that Kuehn's designation as an independent contractor at her current job is correct. DE 68 at 9. Defendants, however, fail to point to sufficient evidence to permit the Court evaluate whether her designation as an independent contractor at her current job is correct. *Cf. Scantland*, 721 F.3d at 1311-19 (evaluating the relevant factors to determine whether FLSA plaintiffs were employees or independent contractors).[1]

---

[1] Defendants also assert, in their Reply in support of their Motion for Summary Judgment, that if Kuehn "is properly classified as an independent contractor at her current job where she purportedly has the same title and duties as she did with Defendants, then she is FLSA exempt and not entitled to overtime pay." DE 68 at 9; *see Scantland*, 721 F.3d at 1311 (explaining that independent contractors are exempt from the FLSA's requirements). To the extent that Defendants may contend that Kuehn was an exempt independent contractor while she worked for them, they did not raise such a contention in their Motion for Summary Judgment and may not do so for the first time in their Reply. *See St. Breux v. U.S. Bank, Nat'l Ass'n*, 919 F. Supp. 2d 1371, 1379 (S.D. Fla. 2013) (stating that a new ground for summary judgment raised for the first time in a reply memorandum will not be considered).

In sum, genuine issues of material fact exist that prevent the Court from concluding that Kuehn is exempt from the FLSA's overtime pay provision under the administrative employee exemption.

### B.     Applicability of the FLSA Overtime Pay Provision

The FLSA's overtime pay provision applies to employees "who in any workweek [are] engaged in commerce or in the production of goods for commerce" or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Thus, the overtime pay provision applies either if the employee regularly and directly participates in the actual movement of persons or things in interstate commerce (called "individual coverage") or if the employer is an enterprise engaged in commerce or in the production of goods for commerce (called "enterprise coverage"). *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298-99 (11th Cir. 2011). Individual coverage exists if the employee "regularly us[es] the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006); *see also* 29 C.F.R. § 776.23(d)(2) (stating that "employees who regularly use instrumentalities of commerce, such as the telephone, telegraph and mails for interstate communication are within the scope of the Act").

Here, a genuine issue of material fact exists as to whether Kuehn regularly and directly participated in interstate commerce by using instrumentalities of interstate commerce in her work. According to statements in her affidavit, which is based on her personal knowledge, her regular job duties included communicating via telephone and email with, and sending documents to, out-of-state lenders. DE 65-12 at 1, 8-9. Her regular job duties also included wiring funds, and

10

seven out of ten wires that she sent were sent interstate. *Id.* at 7, 9. This evidence creates a genuine issue as to whether the FLSA's overtime pay provision applies to Kuehn.[2] *See* 29 U.S.C. § 207(a)(1); *Brooks v. White*, No. 8:07-cv-603, 2008 WL 345522, *1 (M.D. Fla. 2008) (denying summary judgment in an FLSA suit where a reasonable factfinder could infer individual coverage from evidence that the plaintiff's "job duties included using the telephone, mail, facsimile machine, and e-mail with in-state as well as out-of-state individuals and businesses on a regular basis" and that she "performed business tasks using these instrumentalities attendant with a real estate practice by conducting title searches, preparing paperwork associated with real estate transactions, and facilitating closings including the wiring of money to and from out-of-state lenders").

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [DE 60] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of January, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

---

[2] Because a genuine issue exists as to whether the overtime pay provision applies to Kuehn based on individual coverage, the Court need not address whether record evidence also creates a genuine issue as to the existence of enterprise coverage.