**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No.  9:19-cv-80607-ROSENBERG/REINHART**

JOAN C. KUEHN,

    Plaintiff,

v.

KRISTINA REED, P.A., *doing business
as* REED GRIFFITH AND MORAN, *et al.*,

    Defendants.

_____/

**<u>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE</u>**

This matter comes before the Court on Plaintiff's Motion in Limine to Preclude Defendants from Presenting Evidence Regarding Plaintiff's Subsequent Work History [DE 62].  The Court has carefully considered the Motion, Defendants' Response thereto [DE 63], Plaintiff's Reply [DE 67], and the record, and is otherwise fully advised in the premises.

Plaintiff seeks to exclude all evidence of her work history and job duties after she left Defendants' employment, including evidence about her employment relationship with her counsel. The nature of Plaintiff's duties while she was employed by Defendants is one of the central issues in this matter brought under the Fair Labor Standards Act.  *See, e.g.*, DE 60; DE 64.  Plaintiff testified at deposition that she "did exactly the same work" for Defendants as she does at her current job working with her counsel.  DE 61-2 at 170.  Her job duties after leaving Defendants' employment, which, based on this evidence, may be similar or identical to her duties while employed by Defendants, may be relevant to the evaluation of the nature of her duties while she worked for Defendants.  The Court will evaluate the relevance of specific evidence and testimony

and conduct the balancing analysis required under Fed. R. Evid. 403 at trial in the context of objections directed toward particular pieces of evidence and testimony.

For the foregoing reasons, Plaintiff's Motion in Limine [DE 62] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of January, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record